**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**LAZARO YOSVEL HERNANDEZ PACHECO**        **DOCKET NO. 1:26-CV-0681**

**VERSUS**                                 **JUDGE ALEXANDER VAN HOOK**

**WARDEN LASALLE DETENTION FACILITY**      **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Lazaro Yosvel Hernandez Pacheco on March 5, 2026.  Doc. 1.  At the time of filing, Pacheco was detained at the Central Louisiana ICE Processing Center in Jena, Louisiana.  Petitioner has since been removed from the United States.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**I.**
**BACKGROUND**

Petitioner filed the instant petition challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE") following an October 2, 2025 Order of Removal. Doc. 1, p. 2.  He argued that he had remained in detention beyond the removal period and there was no significant likelihood of removal to Cuba in the reasonably foreseeable future.  *Id*.  While the matter was pending, Petitioner was removed from the United States.

**II.**
**LAW & APPLICATION**

Petitioner filed the instant Petition for Writ of Habeas Corpus alleging that: (1) his immigration detention violates the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a) and

*Zadvydas v. Davis*, 533 U.S. 678 (2001); and (2) his continued detention violates his due process rights under the Fifth Amendment.  More specifically, Petitioner contends he has been detained by ICE beyond the removal period authorized by statute, and that there is no likelihood of removal in the foreseeable future. However, Petitioner has been removed from the United States.  Therefore, his petition is moot and should be dismissed. *See, e.g., Oguntuyi v. Manuel,* No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24- CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in chambers this 29th day of April, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE